UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FELIPE NOE GARCIA,**<br><br>         Plaintiff,<br><br>v.<br><br>**J G GRIMM**, et al.,<br><br>         Defendants. | CASE NO. 06cv225 WQH (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION REQUESTING AN ORDER MANDATING SETTLEMENT DISCUSSIONS; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION FOR THE APPOINTMENT OF COUNSEL. (Doc. No. 68.)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE PRODUCTION OF MAILING ADDRESSES. (Doc. No. 60.)** |

   In a filing dated March 26, 2007, titled "Plaintiff's Conference Statement", Plaintiff seemingly makes two motions. (Doc. No. 68.) First, Plaintiff requests an order from this Court mandating that the parties meet and discuss settlement. (Id.) Second, Plaintiff, in a single passing phrase without facts or law, motions for the appointment of counsel. (Id.) Plaintiff has already petitioned the Court for the appoint of counsel, see docket number sixty-three, a request the Court denied, thus the Court construes Plaintiff's motion as a motion for reconsideration.

cc:  The Honorable William Q. Hayes
     All Counsel of Record                          1                                   06cv225 WQH (PCL)

As to Plaintiff's first request, settlement was recently discussed at the Early Neutral Evaluation Conference (ENE), held March 13, 2007.  At the time, settlement seemed unlikely – impossible is a more accurate state of affairs, but the Court is forever optimistic.  That one of the parties has so dramatically changed their position in the past three weeks to make settlement discussions worthwhile, too, is unlikely.  Accordingly, the Court will not order additional settlement discussions.  However, Plaintiff is free, and encouraged, to contact the Defendants to negotiate settlement on his own.  Moreover, if the case progresses that far, settlement discussions will be held at the Case Management Conference and Mandatory Settlement Conference.  For the above reasons, Plaintiff's motion is DENIED.

Plaintiff also makes a motion for reconsideration on the question of appoint of counsel.  Doc. No. 68.)   A motion for reconsideration is appropriate where (1) the court is presented with newly-discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, (3) or there is an intervening change in controlling law.  School Dist. No. 1J v. Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  When filing a motion for reconsideration, it is the moving party's duty to show what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon the prior application.  Local Rule SD CA 7.1(I)(1).

Here, Plaintiff's motion, a naked request without support, fails to address any of three criteria.  Plaintiff's motion is DENIED.

//

//

//

//

//

//

//

cc: The Honorable William Q. Hayes
   All Counsel of Record

Finally, Plaintiff, on February 1, 2007, made a motion for an order to the San Diego County Sheriff Department to produce the mailing address of Defendants Massey, Neagles, and Lonsdale. (Doc. No. 60.) However, Massey and Neagles have filed an answer, accepting service, and Lonsdale has filed a motion to dismiss. (Doc. Nos. 69, 70.) Thus, Plaintiff's motion is moot, and now DENIED.

IT IS SO ORDERED.

DATED: April 3, 2007

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable William Q. Hayes
    All Counsel of Record

3

06cv225 WQH (PCL)