1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                         SOUTHERN DISTRICT OF CALIFORNIA
7

8    **FELIPE GARCIA,**                           CASE NO. 06cv225 WQH (PCL)
     **CDC #H-74821,**
9                                                 **ORDER DENYING**
                                    Plaintiff,    **PETITIONER'S MOTION TO**
                                                  **COMPEL (Doc. No. 87) and**
10                  **v.**                         **MOTION FOR APPOINTMENT**
                                                  **OF AN EXPERT WITNESS (Doc.**
11   **J. GRIMM, et alii,**                        **No. 97)**
                                   Defendants.
12

13        Before the Court is Plaintiff's Motion to Compel seeking documents from Defendants.  (Doc. No.

14   87.)  However, as discussed at the Status Conference held on August 3, 2007, his request is premature.

15   Plaintiff must first request the documents from Defendants.  (Doc. No. 95.)  FED. R. CIV. P. 34   As

16   stated before and iterated at the Status Conference, the Court will not micro-manage item by item the

17   parties' discovery requests.  Plaintiff must send his requests directly to Defendants, and if disputes then

18   come to light, the parties should make a serious *tête-à-tête* effort to resolve them.  If the disagreements

19   prove intractable, only then should the parties contact the Court.

20        For the above reasons, Plaintiff's Motion to Compel is DENIED.

21        Plaintiff has also filed a Motion for the Appointment of an Expert Witness, which relies on Federal

22   Rule of Evidence 706.  (Doc. No. 97.)  He declares expert witnesses are necessary "to clarify important

23   issues under consideration."  (Id. at 2.)  Rule 706 permits, but does not requires, the Court to "appoint

24   any expert witnesses agreed upon by the parties... or witnesses of its own selection."  FED. R. EVID.

25   706(a).  Appointment may be appropriate when "scientific, technical, or other specialized knowledge

26   will assist the trier of fact to understand the evidence or decide a fact in issue...." Ledford v. Sullivan,

27   105 F.3d 354, 358-59 (7th Cir.1997).  Here, the issues are not particularly complex.  Morever, Plaintiff

28   truly desires a partisan expert to advocate his position, not a neutral expert to enlighten the court.

1    Accordingly, the Court declines to exercise its discretion to appoint an expert; Plaintiff's motion is

2    DENIED.

3    IT IS SO ORDERED.

4    DATED: August 16, 2007

5

6    Peter C. Lewis
     U.S. Magistrate Judge
7    United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28