# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, | CASE NO. 06cv0225 WQH (PCL) |
| Plaintiff, | ORDER |
| vs. | |
| J. GRIMM, G. GRIJALVA, SGT. HIGHTOWER, RHINELANDER, SETTER, SWINEY, J. MACLEOS, J. LONSDALE, M. MASSEY, and B. NEAGLES, | |
| Defendants. | |

HAYES, Judge:

The matters pending before the Court are: 1) the Motion for Leave to File an Amended Complaint (#89) filed by the Plaintiff and 2) the Motion to Dismiss filed by Defendant John T. Lonsdale (#70).

**BACKGROUND**

On May 30, 2006, Plaintiff Felipe Garcia filed a Second Amended Complaint alleging claims under 42 U.S.C. § 1983 for injuries that he suffered on May 1, 2005 while in the custody of the San Diego County Sheriff's Department. Plaintiff alleged that he was injured mentally, physically, and emotionally by the excessive force of county sheriff's deputies; that he was refused proper medical treatment; and that the county sheriff's deputies conspired to cover up their illegal actions.

On March 29, 2007, Defendant John T. Lonsdale moved to dismiss the action against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the

1  Second Amended Complaint did not state any viable constitutional claim against him.
2  Defendant Lonsdale asserted that allegations in the Second Amended Complaint that he was
3  in the control tower on the eighth floor of the jail during the incident and had a clear view of
4  the incident were not adequate to state any claim for deprivation of Plaintiff's constitutional
5  rights.  Plaintiff filed a Response to the Motion to Dismiss and Defendant Lonsdale filed a
6  Reply.

7  On June 29, 2007, United States Magistrate Judge Peter C. Lewis filed Report and
8  Recommendation (Doc. # 85) recommending that the motion to dismiss by Defendant
9  Lonsdale should be denied in part and granted in part and recommending that the Court grant
10 Plaintiff leave to file an amended complaint.

11 On July 11, 2007, Plaintiff filed a Motion for Leave to file a Third Amended Complaint
12 in order to identify the doctor named in the Second Amended Complaint and to clarify the
13 involvement of Defendant Lonsdale.  Defendants oppose the filing of the Third Amended
14 Complaint on the grounds that the District Court has not issued a ruling on the Motion to
15 Dismiss filed by Defendant Lonsdale.

## ANALYSIS

**1) Plaintiff's Motion for Leave to File a Third Amended Complaint**

The Court will grant Plaintiff's Motion for Leave to file the Third Amended Complaint (Doc. # 89).  Leave to amend should be freely granted.  The Court finds that denying leave to file the Third Amended Complaint will needlessly delay this action.  The Third Amended Complaint attached to Plaintiff's Motion for Leave to File an Amended Complaint (#89) is now operative pleading in this case.

**2) Defendant Lonsdale's Motion to Dismiss**

The Third Amended Complaint alleges that Plaintiff was injured by the excessive force of the Defendant sheriff's deputies in an incident which took place on May 1, 2005 at approximately 5:30 p.m. while Plaintiff was in administrative segregation on the eighth floor at the San Diego County Central Jail.  In the Third Amended Complaint, Plaintiff alleges that Plaintiff had "fashioned a defensive object" in an attempt to defend himself from his cellmate;

1  that Plaintiff "ran out of the cell to get away from any confrontation;" and that an altercation
2  ensued involving deputies "Hightower, Rhinelander, Swiney, and Setter." (Third Amended
3  Complaint at 5.) The Third Amended Complaint states that "Defendants J. Grimm, Gonzales,
4  J. McLeod had responded to 'EMERGENCY CALL' as Defendant Lonsdale assigned to
5  control tower 8th floor was aware of security emergency incident in progress as to follow
6  sheriff policy procedures." *(Id.* at 6.) Plaintiff alleges in the Third Amended Complaint that
7  he was assaulted by sheriff's deputies other than Defendant Lonsdale and that he was
8  subsequently injured. The Third Amended Complaint alleges that "Lonsdale was assigned to
9  control booth on May 1, 2005 and has clear view of incident and per security policy and
10 procedure, trained to use camcorder and record incident regarding security threats, assaults,
11 riots and/all security concerns as proof and opportunity to I.D. victims and suspects." *(Id.* at
12 9.) The Third Amended Complaint alleges that the actions of all Defendants, including
13 Lonsdale, were wanton and without penological justification and that Defendant Lonsdale was
14 an "active participant as an officer assigned to control tower, where it is part of assignment to
15 handle communication, security videos, doors, cell doors, inmate movement." (*Id*. at 23.)

16       Defendant Lonsdale contends that he is entitled to dismissal on the grounds that Plaintiff
17 has failed to allege any facts to support any claim that he violated Plaintiff's constitutional
18 rights. Plaintiff asserts that Defendant Lonsdale should be included on the involved officers
19 report because Defendant Lonsdale was in control of the module and cell doors and the
20 communication.

21       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.
22 *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for
23 failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff
24 can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*
25 *Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court
26 must construe the pleadings in the light most favorable to the plaintiff, and further, must accept
27 as true all material allegations in the complaint, as well as any reasonable inferences to be
28 drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). However, a

1 complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual
2 allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v.*
3 *Twombly*, 127 S. Ct. 1955, 1965 (2007)

4 Fed. R. Civ. P. 8 requires a complaint to contain "a short and plain statement of the
5 claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). When presented
6 with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be
7 given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002)
8 (citations omitted). In order to state a claim under 42 U.S.C. Section 1983, Plaintiff must
9 show: that (1) the conduct complained of was committed by a person acting under color of law;
10 and (2) this conduct deprived the claimant of a constitutional right. *Parratt v. Taylor*, 451 U.S.
11 527, 535, 101 S.Ct. 1908, 1912 (1981). The Third Amended Complaint alleges that Defendant
12 Lonsdale was an active participant in the alleged assault on his person by other Defendant
13 deputies because Defendant Lonsdale was "assigned to control tower, where it is part of
14 assignment to handle communication, security videos, doors, cell doors, inmate movement."
15 *Id.* at 23. The Third Amended Complaint fails to allege any facts which could support the
16 conclusion that Defendant Lonsdale violated any statutory or constitutional right of the
17 Plaintiff. The fact as alleged in the Third Amended Complaint that Defendant Lonsdale was
18 assigned to the control tower during the incident and performed his duties to signal the
19 emergency incident in progress is not adequate to hold Defendant Lonsdale responsible for the
20 alleged excessive force of the responding Defendants. The Court concludes that the Third
21 Amended Complaint does not allege any conduct by Defendant Lonsdale which could support
22 a claim that Defendant Lonsdale deprived Plaintiff of a constitutional right. Defendant
23 Londsdale is entitled to be dismissed from this action.

24 **CONCLUSION**

25 IT IS HEREBY ORDERED that 1) Plaintiff's Motion for Leave to file the Third
26 Amended Complaint (Doc. # 89) is granted and the Third Amended Complaint attached to
27 Plaintiff's Motion for Leave to File an Amended Complaint (#89) is now operative pleading
28 in this case; and 2) the Report and Recommendation filed on June 29, 2007 is not adopted; the

1  Motion to Dismiss filed by Defendant John T. Lonsdale (#70) is granted; and Defendant
2  Lonsdale is dismissed from this action.
3  DATED: September 20, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge