UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FELIPE GARCIA,**<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>**J. GRIMM, et al.,**<br>　　　　　　　　　　　　Defendants. | CASE NO. 06cv225 WQH (PCL)<br><br>**REPORT & RECOMMENDATION RE GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |

**I. INTRODUCTION**

On May 30, 2006, Felipe Garcia ("Plaintiff") filed a Second Amended Complaint ("SAC"), naming four additional defendants: J. McLeod, Deputy Lonsdale, M. Massey, and B. Neagles. (Doc. No. 29.) All Defendants answered the complaint except Lonsdale, who filed a motion to dismiss. (Doc. No. 70.) After considering the parties' arguments, this Court issued a report and recommendation denying in part and granting in part Defendant Lonsdale's motion. (Doc. No. 85.) While the Honorable William Q. Hayes evaluated the report and recommendation, Plaintiff motioned for leave to file, (Doc. No. 89), and concurrently filed, a Third Amended Complaint ("TAC"), (Doc. No. 90). Subsequently, Judge Hayes granted Plaintiff's motion, making the TAC the operative plaintiff's pleading, but he also granted Defendant Lonsdale's motion to dismiss, removing Lonsdale as a defendant from the TAC. (Doc. No. 101.)

1  In response to the TAC, and now before the Court, Defendants filed motions to dismiss Plaintiff's
2  claim for injunctive relief, (Doc. No. 104), and to strike portions of the complaint directed at Lonsdale,
3  (Doc. No. 105), specifically "those allegations in ¶¶ 21, 72, and 23: 17-24, and the inclusion of
4  Lonsdale's name at 4: 9, 21: 25, 24: 16, 28: 26, and 29: 4." (Doc. No. 105-2 at 7.)  Pursuant to Local
5  Civil Rule of Practice 7.1(e)(2), Plaintiff was permitted to file an opposition to Defendants' motions
6  "not later than 14 *calendar* days prior to the noticed hearing."  The hearing for the pertinent motions
7  was set for November 13, 2007;  Plaintiff had until October 30th to file an opposition.  On October 25,
8  2007, the Court held a teleconference and, noting that Plaintiff had failed to file an opposition and the
9  impending deadline, questioned him about his opposition.  (See Doc. No. 106.)  Plaintiff alleged he had
10 not received a copy of Defendants' motions, but said he wanted to oppose them.  The Court ordered
11 Defendants to send Plaintiff second copies of the motions and Plaintiff to file his opposition posthaste –
12 both parties adamantly insisted on maintaining the deadlines set forth in the Court's scheduling order,
13 dated May 9, 2007, (Doc. No. 84.), which ended discovery on December 3, 2007, (id. at 2).  Yet, even
14 with an additional two months, Plaintiff has not opposed Defendants' motions.  Accordingly, the Court
15 recommends that the motion to dismiss the injunctive relief claim and the motion to strike the portions
16 of the complaint concerning Lonsdale be GRANTED.

## II.  DISCUSSION & CONCLUSION

18  In the TAC, Plaintiff requests a permanent injunction prohibiting Defendants and a list of others,
19 (Doc. No. 90 at 27), from harassing him or any prisoner who submitted an affidavit in this case, (id.).  In
20 addition, Plaintiff enumerates sundry activities to be carried out (*e.g.*, the removal of any reference to
21 the events alleged in the TAC from Plaintiff's file) by various Defendants and nondefendants.  (Id. at
22 28.)  Defendants argue that Plaintiff cannot show "any imminent threat or impairment of his own
23 interests," emphasizing that Plaintiff, currently imprisoned in the California Department of Corrections
24 Mule Creek Prison in Ione, California, is not presently in the custody of the Sheriff, or even physically
25 located in the County of San Diego.  (Doc. No. 104-2 at 1, 6.)  In other words, "the relief sought to
26 enjoin [Defendants'] future conduct regarding [Plaintiff is] based on nothing more that [sic] a mere
27 possibility of future contact [and] is therefore both hypothetical and moot."  (Id. at 104-2 at 6.)
28

In their second motion, Defendants contend that "a motion to strike should be granted where immaterial and impertinent allegations... irrelevant to the action... are asserted in a complaint. (Doc. No. 105-2 at 7)(citing Fantasy, Inc. v. Fogarty, 984 F.2d 1524, 1527 (9th Cir. 1994).)  Defendants continue, "Lonsdale was dismissed with prejudice from this action on September 20, 2007, and all allegations in the TAC purporting to state a claim against him, specifically those allegations in ¶¶ 21, 72, and 23: 17-24, and the inclusion of Lonsdale's name at 4: 9, 21: 25, 24: 16, 28: 26, and 29: 4 are thus irrelevant and immaterial, and should be struck from the TAC."  (Doc. No. 105-2 at 7.)

The local rules state that a failure to file a written opposition "may constitute a consent to the granting of a motion or other request for ruling by the court."  S.D. Cal. Local R. 7.1(f)(3). Nevertheless, before the Court dismisses the claim for failure to comply with a local rule, the Court must consider the following factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the public's interest in expeditiously resolving the matter and the court's interest in managing the docket favor dismissal of the injunctive relief claim; this relatively straightforward case was filed in January of 2006 and now, two years later, must start over again with Plaintiff's fourth complaint.  (See Doc. Nos. 1, 5, 29, 90.)  The core of Plaintiff's complaint survives, and the Court cannot continue to wait while Plaintiff tinkers with the complaint's frilly edges.  A presumption of injury arises from unreasonable delay in the prosecution of an action, Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976); thus, the third factor, risk of prejudice to Defendants, also weighs in favor of dismissal. Although the fourth criterion weighs against dismissal, the court's earlier consideration of Plaintiff's motion for a temporary restraining order, (Doc. No. 27.), which involved similar circumstances, and the survival of the heart of Plaintiff's complaint mitigates its consequence.  As to the fifth element, granting Defendants' motions under the circumstances is not a drastic sanction.  The Court in unaware of a lesser alternative.

    Lastly, the Court notes that granting Defendants' motion to strike the allegations against Lonsdale merely reinforces Judge Hayes' order dismissing Lonsdale from the case. (Doc. No. 101.) The efficacy and allowable claims of Plaintiff's complaint remain unchanged. For the reasons discussed above, the Court recommends that the motion to dismiss the injunctive relief claim and the motion to strike the portions of the complaint concerning Lonsdale, as requested by Defendants, (Doc. No. 104-2 at 7), be GRANTED.

    IT IS ORDERED that, no later than January 30, 2008, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." Any reply to objections shall be filed on or before February 6, 2008. The Parties are advised that failure to file objections within the specified time may waive the right to raise objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2008

                                            Peter C. Lewis
                                            U.S. Magistrate Judge
                                            United States District Court

cc:  The Honorable William Q. Hayes
     All Counsel of Record