UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FELIPE GARCIA,**<br><br>            v.<br><br>**J. GRIMM, et al.,** Plaintiff,<br><br>Defendants. | CASE NO. 06cv225 WQH (PCL)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 110.) |

    Plaintiff requests the Court appoint counsel because he suffers from a "psychological condition [that is] a hinderance [sic] to continu[ing] the litigation of the present case due to [his] mental state, compiled with stress, headaches, paranoia; [sic] forgetfullness; [sic]" (Doc. No. 10 at 2.) Plaintiff requires counsel, he continues, "because if I continue to have to listen to these tapes, and read these reports; [sic] It might trigger my anger and show of [sic] what of [sic] I am capable of..." (Id. at 3.)

    Nonetheless, a plaintiff is not entitled to counsel, even if he is mentally fragile. As the Court has told Plaintiff on a number of occasions, "it is well-settled that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir.1996) (internal citation omitted). Rather, district courts have discretion, pursuant to 28 U.S.C.1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1003 (9th Cir.2004). "A finding of the exceptional circumstances

of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits..." Id.

Plaintiff has prosecuted his case so far without the assistance of counsel. Moreover, he is unlikely to win on the merits of the case – he seemingly has little evidence to substantiate his claims. (See Doc. No. 90.)  Thus, Plaintiff has still failed to demonstrate "extraordinary circumstances" justifying appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Plaintiff's motion is DENIED.  If Plaintiff can no longer proceed as he has claimed, (Doc. No. 110), he should file a motion to dismiss the action voluntarily.

IT IS SO ORDERED.

DATED: February 27, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable William Q. Hayes
     All Counsel of Record