1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| FELIPE GARCIA, | CASE NO. 06cv225 WQH (PCL) |
| Plaintiff, | **ORDER** |
| vs. | |
| JG GRIMM, et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Stay All Further Proceedings (Doc. # 124).

**Background**

On January 30, 2006, Plaintiff initiated this action by filing the complaint (Doc. # 1). Plaintiff has amended the complaint three times.  On July 13, 2007, Plaintiff filed the third amended complaint ("TAC") (Doc. # 90, 101), which is the operative pleading in this case. The TAC alleges that Plaintiff is a state prisoner.  The TAC alleges that on May 1, 2005, San Diego Sheriff's Deputies James Grimm, Gerardo J. Grijalva, Bruce E. Hightower, Aaron K. Rhinelander, Andrew P. Setter, James E. Swiney, Jacob MacLeod, Michael Massey, and Bridget Ann Cartier violated his rights as protected by the United States Constitution when they used excessive force on him during an altercation, and were deliberately indifferent to his medical needs thereafter.

On March 3, 2008, this Court issued an order dismissing the TAC's claim for injunctive relief and striking allegations related to Defendant Longsdale (Doc. # 113).

On April 14, 2008, United States Magistrate Judge Peter C. Lewis issued an order regulating discovery and other pretrial proceedings ("Pretrial Order") (Doc. # 118). The Pretrial Order provided that "[a]ll motions, other than motions to amend or join parties, or motions in limine, shall be filed so as to be heard on or before June 20, 2008." *Pretrial Order,* p. 1 (emphasis in original). The Pretrial order also scheduled a mandatory settlement conference for May 22, 2008, and a final pretrial conference for August 4, 2008.

On June 12, 2008, Defendants filed the Motion for a Stay of All Further Proceedings ("Motion to Stay"). The Motion to Stay states that Defendant Bruce E. Hightower is a Lieutenant Colonel in the Active Reserves of the United States Army; that in February, 2008, the Army notified Hightower that he had been recalled to active duty, which was to commence on February 17, 2008; and that his tour was slated to last 400 days to March 22, 2009. The Motion to Stay contends that Hightower will be stationed in Kuwait and will not be able to arrange for furlough or temporary leave from his service, and will not be able to participate in any litigation-related activities from afar. The Motion to Stay "seeks to stay litigation of Garcia's instant claim against all Defendants until Hightower returns from military service." *Mot. to Stay,* p. 2. Defendants contend that Hightower is entitled to a stay pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. Appx. sections 501, *et seq.* Defendants request that the court exercise its discretion to stay proceedings against all Defendants on grounds that doing so is in the interests of all parties and serves judicial economy. Defendants state that "Hightower participated in the incident and also supervised, authorized and directed the actions of some of the other defendants in their efforts to gain control of Plaintiff during the incident, and the interests of all parties in this case would be advanced by a stay of proceedings." *Id.* at 4. Defendants state that "[f]or all parties and in Hightower's situation in particular, a verdict against any of the parties could hinder or outright undermine each one's case under res judicata or collateral estoppel principles." *Id.*

In support of the Motion to Stay, Defendants submitted the Declaration of Kevin G. Kennedy. Kennedy attests that he arranged Hightower's videotaped sworn testimony when he found out that Hightower would be summoned to active military duty. Kennedy attests that

Hightower agreed to waive his appearance at trial if Plaintiff agreed to allow his sworn statement to be admitted into evidence, but that Plaintiff "rejected the offer to proceed in Hightower's absence by stipulating to admit his sworn statement on the grounds Hightower's presence was necessary at trial to prove his allegations against Hightower and all other Defendants." *Kennedy Decl.,* ¶¶ 2-7.  Defendants also submitted a letter from Hightower's commanding officer stating that Hightower is currently serving in Iraq, and is not authorized to will not be given leave to attend any civilian judicial or administrative hearings. *Kennedy Decl.,* Exhibit A.

Plaintiff has not filed an opposition to the Motion to Stay.

**<u>Applicable Law</u>**

The purpose of the Servicemembers Civil Relief Act ("Relief Act") "is to suspend enforcement of civil liabilities of persons in military service of the United States in order to enable such persons to devote their entire energy to the defense of the Nation." *Engstrom v. First National Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995).  Section 522 of the Relief Act authorizes a court to stay civil proceedings when a servicemember has received notice of the action or proceeding.  Section 522 states:

> (b) Stay of proceedings.
>> (1) Authority for stay.  At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
>> (2) Conditions for a stay.  An application for a stay under paragraph (1) shall include the following:
>>> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>>> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. Appx. § 522.  Section 525 of the Relief Act provides: "If a servicemember is a codefendant with others who are not in military service and who are not entitled to the relief and protections provided under this Act, the plaintiff may proceed against those other defendants with the approval of the court."  50 U.S.C. Appx. § 525.  A district court has

1  inherent power to stay its proceedings as incident to its power to control its own docket.

2  *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).  The Relief Act is to be "liberally

3  construed" and applied in a "broad spirit of gratitude towards service personnel." *Engstrom,*

4  47 F.3d at 1462.

5  ### Ruling of the Court

6          Defendants have demonstrated that Hightower's term of active service was four

7  hundred (400) days, to March 22, 2009.  Defendants have complied with section 522 by

8  submitting a letter from Hightower's commanding officer stating that Hightower is not

9  authorized military leave to attend proceedings in this lawsuit.  The Court concludes that

10 Hightower has satisfied the conditions for a stay under section 522 of the Relief Act, and is

11 entitled to a stay until his term of active service is completed.  Plaintiff's claims against

12 Hightower are intertwined with Plaintiff's claims against the other Defendants.  Defendants

13 have demonstrated that Plaintiff rejected the offer to proceed in Hightower's absence by

14 stipulating to admit Hightower's sworn statement at trial.  The Court also notes that the case

15 has proceeded to an advanced stage, as evidenced by the Scheduling Order requiring all

16 motions other than motions to ament or join parties, or motions in limine, to be filed so as to

17 be heard on or before June 20, 2008, and scheduling a pretrial conference for August 4, 2008.

18  In light of the foregoing, the Court concludes that staying the proceedings as to all Defendants

19 is in the interests of all parties and serves judicial economy.

20          IT IS HEREBY ORDERED that the Motion to Stay All Further Proceedings (Doc. #

21 124) is **GRANTED.**  All proceedings in the above-captioned action are stayed until April 6,

22 2009.

23          IT IS FURTHER ORDERED that the parties shall appear for a pretrial conference on

24 May 4, 2009, at 11:00 A.M.  The parties shall file a Pretrial Order in compliance with Local

25 Civil Rule 16.1(f) on or before April 27, 2009.

26 DATED:  October 17, 2008

27                                  *William Q. Hayes*

28                                  **WILLIAM Q. HAYES**
                                    United States District Judge