FILED
2010 AUG 16 PM 3: 06
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIPE NOE GARCIA,<br><br>        Plaintiff,<br>vs.<br>JG GRIMM; JOHN DOE; JANE DOE; DEPUTY LONSDALE; ELLEEN GABEL; GRIJALVA; GONZALEZ SGT HIGHTOWER; RHINELANDER; SETTER; SWINEY; J. McLEOD; M MASSEY; B NEAGLES,<br><br>        Defendants. | CASE NO. 06cv225 WQH (PCL)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for a Temporary Restraining Order (Doc. # 150), the Motion for a Writ of Mandamus (Doc. # 156), and the Motion for Appointment of Counsel (Doc. # 162) filed by Plaintiff Filipe Noe Garcia and the Motion for Summary Judgment (Doc. # 152) filed by Defendants.

## BACKGROUND

On January 1, 2006, Plaintiff, a state prisoner proceeding *pro se*, initiated this action by filing his Complaint. (Doc. # 1). On May 30, 2006, Plaintiff filed his Second Amended Complaint which added Defendants J. McLeod, Deputy Lonsdale, M Massey, and B Neagles. (Doc. # 29). On September 6, 2006, the Court stayed the case for 180 days pending the resolution of state court criminal proceedings against Plaintiff. (Doc. # 52). On July 13, 2007, Plaintiff filed his Third Amended Complaint ("TAC") which is the operative pleading in this case. (Doc. # 90). On September 20, 2007, the Court dismissed the case against Defendant Deputy Lonsdale. (Doc. # 101). On March 3, 2008, the Court dismissed Plaintiff's prayer for

injunctive relief and struck portions of the TAC. (Doc. # 113). On October 17, 2008, the Court stayed the case until April 6, 2009 pursuant to the Service Members' Relief Act because Defendant Sargent Hightower was deployed to Kuwait as a Lieutenant Colonel in the United States Army. (Doc. # 127). On June 1, 2009, the Court held a pretrial conference. (Doc. # 133). Following the pretrial conference, the Court reopened discovery. *See id.* On October 23, 2009, the Court held a status hearing. (Doc. # 134). Following the status hearing, the Court issued a new scheduling order and set a status conference for February 2, 2010. (Doc. # 135). At the February 2, 2010 status conference, it became apparent to the Court that the parties disagreed about what claims Plaintiff was proceeding on. Following the February 2, 2010 status conference, the Court issued an order requiring Plaintiff to file a Second Amended Proposed Pretrial Order which listed each claim which: "(1) Plaintiff believes he alleged in the complaint; (2) have not been dismissed by this Court; and (3) Plaintiff intends to proceed to trial on." (Doc. # 142 at 1). The Court also ordered Plaintiff to file a Writ of Habeas Corpus Ad Testificandum. *Id.* The Court also set a status conference for May 6, 2010. *Id.*

At the May 6, 2010 status conference, the Court ordered Defendants to file any motion to dismiss or motion for summary judgment on or before June 11, 2010. *See* Doc. # 149. As to any claim against which Defendants did not file a motion, the Court ordered Defendants to file briefing listing the elements of the claim. The Court informed the parties that it would set a briefing schedule for any motion upon receiving Defendants' filing.

On June 4, 2010, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. # 150). On June 10, 2010, Defendants filed a Motion for Summary Judgment. (Doc. # 152). On June 24, 2010, Plaintiff filed a Motion for a Writ of Mandamus. (Doc. # 156). On August 9, 2010, Plaintiff filed a Motion for Appointment of Counsel. (Doc. # 162).

## ANALYSIS

### I. Motion for a Temporary Restraining Order and for a Writ of Mandamus

In support of Plaintiff's motion for a temporary restraining order, Plaintiff stated that when he was moved to administrative segregation, Defendants failed to move a "box of legal

property that contains <u>all</u> the legal documents, evidence, [and] audio evidence germane to this case and habeas corpus also active in this court." (Doc. # 150-1 at 2). Plaintiff also stated he feared his property would be lost. *Id.* at 4. Plaintiff sought an order directing the prison warden at Mule Creek "to return all legal property germane to the active ligation . . . ." (Doc. # 150 at 2).

On June 8, 2010, the Court ordered Defendants to file a response to Plaintiff's motion on or before June 14, 2010. (Doc. # 150). On June 14, 2010, Defendants filed an opposition to Plaintiff's motion, which contends that the Court "has no jurisdiction to grant the requested relief" because the "prison warden and officers against whom relief is sought are not parties to this action." (Doc. # 153 at 2). An accompanying declaration by Defendants' counsel, Kevin G. Kennedy, stated that Kennedy "conferred with Garcia by telephone on June 14, 2010 and agreed to send him replacement copies of all legal documents and evidentiary materials that Defendants have previously produced that he now claims are missing as soon as practicable after he lists in writing either those items that are missing or all items he currently retains. Garcia agreed to provide the list of items needed to be replaced." (Doc. # 153-2)

On June 24, 2010, Plaintiff filed a Motion for a Writ of Mandamus. (Doc. # 156). Plaintiff sought a writ ordering Warden M. Martel of Mule Creek State Prison to return his legal materials. *Id.* Also on June 24, 2010, the Court ordered Plaintiff to provide Defendants' counsel with a list of all documents he was missing within ten days of the date of the order. (Doc. # 154 at 2). The Court further ordered that "Defendants' counsel shall provide the listed documents in Defendants' possession within ten days of receiving Plaintiff's list" and provide an update on the status of the issue by July 19, 2010. *Id.*

On July 15, 2010, Defendants filed a status report. (Doc. # 158). The status report stated in part:

> defense counsel received correspondence from Plaintiff on July 8, 2010 stating that Plaintiff is missing all legal documents, work product, expert reports, research, affidavits, etc., and so could not provide a list of missing legal documents and evidence. Defense counsel will therefore mail to Plaintiff on or before July 19, 2010 replacement copies of all legal documents and evidentiary materials that have previously been produced or provided by the Defendants.

*Id.* at 1. On July 21, 2010, Defendants filed a second status report. (Doc. # 159). This report states:

> On July 16, 2010, Plaintiff Felipe Garcia sent defense counsel correspondence that stated all missing legal documents had been restored to him but for audio recordings that were previously provided, and that the audio recordings were all that he needed. Those audio copies were mailed to Mr. Garcia on July 19, 2010.

*Id.* at 1.

On July 26, 2010, the Court ordered Plaintiff to file a status update informing the Court whether Plaintiff had received copies of all of his missing legal documents. (Doc. # 160). On August 5, 2010, Plaintiff filed his status update. (Doc. # 161).

In his status update, Plaintiff states he filed a 602 grievance form with prison officials, which resulted in the return of "all moving papers, evidence, forensic reports and some work product and some legal resources." *Id.* at 1. Plaintiff states Defendants' counsel has "provided audio evidence and has courteously offered assistance in recovering the lost documents." *Id.* at 2. Plaintiff states he is still missing "the Rules of Court for the Southern District; Jailhouse litigation manual; and some work product . . . ," however, "that loss will not damage the case [n]or will it affect the presentation or . . . delay the trial." *Id.* at 1-2.

In light of this status update, the Court finds that the problem which led plaintiff to file his Motion for a Temporary Restraining Order and his Motion for a Writ of Mandamus has been resolved. Those motions are therefore denied as moot.

Plaintiff has requested an order instructing the California Department of Corrections to "respect the legal material relevant to active cases . . . ." *Id.* at 2. Because the issue involving Plaintiff's missing legal materials has been resolved, the Court finds such an order is not appropriate at this time.

## II. Motion for Summary Judgment

On June 10, 2010, Defendants filed a Motion for Summary Judgment. (Doc. # 152). The Court has not yet issued a briefing schedule for this motion nor has it issued the required notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

On July 2, 2010, Plaintiff filed a document entitled "Plaintiff's Objection to Defendant's Motion for Summary Judgment." (Doc. # 157). In that document, Plaintiff contends Defendants' motion is improper "per Court's order closing summary judgment motions." *Id.* at 1. In the July 26, 2010 order, the Court informed the parties that it would issue a briefing schedule and set a hearing date for the Motion for Summary Judgment. (Doc. # 160). In his status update, Plaintiff points out "I did file an answer to Defendants' Summary Judgment motion." (Doc. # 161 at 2).

During the May 6, 2010 status conference, the Court modified the motion cutoff date, reopening the period for filing a motion for summary judgment. The Court ordered Defendants to file a motion to dismiss, a motion for summary judgment, or a list of the elements as to each claim Plaintiff had listed in his Second Amended Proposed Pretrial Order. Plaintiff's objection that filing a motion for summary judgment is improper "per Court's order closing summary judgment motions" is denied because the Court re-opened the period to file motions.

Although Plaintiff has already filed briefing in opposition, he did so without the benefit of the required notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) explaining how summary judgment works. Therefore, the Court will allow Plaintiff to file another opposition to the Motion for Summary Judgment. The Court is issuing the *Rand/Klingele* notice concurrent with this order.

Plaintiff's opposition (including any supporting documents) must be filed and served on all parties by **Monday, September 20, 2010**. Defendants must file and serve their Reply to Plaintiff's Opposition by **Monday, October 4, 2010**. Once the Court has all the briefing on the Motion for Summary Judgment, the Court will set a hearing date on the motion.

### III. Motion for Appointment of Counsel

Plaintiff moved to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. # 162 at 1). Plaintiff states he is unable to afford counsel and notes that he is proceeding in forma pauperis. *Id.* Plaintiff states his imprisonment limits his ability to litigate. *Id.* Plaintiff states he has been moved into administrative segregation and that his access to legal materials has been limited as a result. *Id.* at 1-2. Plaintiff states administrative segregation limits him to "2

days law library and does not have a moving library service and has a limited collection of legal resources, which does not include Sheppards, Daily Law Journal, or updated reporters and a request for any federal case law takes a week." *Id.* Plaintiff states his case involves "complex factual and legal issues that I know I can't handle very well . . . ." *Id.* at 2. Plaintiff states there will likely be conflicting testimony from a large number of witnesses at trial. *Id.* Plaintiff states he has raised six claims which are all meritorious. *Id.* at 3. Plaintiff states he has made repeated attempts to obtain an attorney, which have been unsuccessful. *Id.* Plaintiff attaches letters from law firms and public interest organizations declining to take his case. *Id.* at 5-9.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court has discretion in deciding whether to request that an attorney provide pro bono representation. *Solis v. Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008). In exercising this discretion the Court must consider Plaintiff's ability to represent himself, the complexity of the case, and the merits of Plaintiff's claims. *See id.*; *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103-04 (9th Cir. 2004). "Counsel should only be appointed in exceptional circumstances . . . ." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "[D]ifficulties which any litigant would have in proceeding pro se . . . do not indicate exceptional factors." *Id.* at 1335-36.

Plaintiff has demonstrated in his previous filings and appearances before the Court that he is capable of doing legal research, presenting arguments orally and in writing, and that he has an understanding of the issues in his case. Plaintiff's concern that his lack of legal training will make it difficult to conduct his case is a "difficult[y] which any litigant would have in proceeding pro se" and does not constitute an "exceptional factor." *See id.* Although Plaintiff's confinement in administrative segregation may reduce his access to a law library, at this stage in the proceedings, this problem can be cured by allowing Plaintiff additional time for his filings. Therefore, the Court has granted Plaintiff more than 30 days to respond to the pending motion for summary judgment. If Plaintiff has difficulty in meeting a deadline due to reduced time in the law library, he may file a motion for an extension of time. Plaintiff's

motion for appointment of counsel is denied at this stage of the proceedings without prejudice. As the case progresses, Plaintiff may renew his request for appointment of counsel.

## CONCLUSION

IT IS HEREBY ORDERED THAT:

(1) Plaintiff's Motion for a Temporary Restraining Order (Doc. # 150) is **DENIED AS MOOT.**

(2) Plaintiff's Motion for a Writ of Mandamus (Doc. # 156) is **DENIED AS MOOT.**

(3) Plaintiff's objection that filing a motion for summary judgment is improper "per Court's order closing summary judgment motions" is **DENIED** because the Court re-opened the period to file motions.

(4) Plaintiff's Motion to Appoint Counsel (Doc. # 162) is **DENIED**.

(5) In a separate order, the Court is also issuing required notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) explaining how summary judgment works.

(6) Plaintiff may file an additional opposition brief opposing Defendants' Motion for Summary Judgment by **Monday, September 20, 2010**. The opposition and any supporting documents must be served on all parties. Defendants must file and serve their Reply to the Opposition by **Monday, October 4, 2010**.

(7) Once the Court has received all the briefing on the Motion for Summary Judgment, the Court will set a hearing date for the motion.

(8) The Clerk of the Court shall send Plaintiff a copy of the Local Rules.

DATED: 8/13/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE