# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FILIPE NOE GARCIA,<br><br>                  Plaintiff,<br>  vs.<br>JG GRIMM; SGT HIGHTOWER; RHINELANDER; SETTER; SWINEY; J. MACLEOD,<br><br>                  Defendants. | CASE NO. 06cv225 WQH (PCL)<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion for Writ of Habeas Corpus Ad Testificandum (ECF No. 171) filed by Plaintiff Filipe Noe Garcia.

## BACKGROUND

      The Court previously ordered:

> Plaintiff shall file a Third Amended Proposed Pretrial Order which lists a brief description of the facts which support each of the remaining claims listed above on which Plaintiff intends to proceed to trial and identifies witnesses in support of each claim. Plaintiff shall number each claim and allege each claim in a separate paragraph. Plaintiff shall also file a motion for a writ of habeas corpus ad testificandum for any inmate witnesses listed in the Third Amended Proposed Pretrial Order. In addition, Plaintiff shall file a sworn affidavit establishing the appropriateness of the issuance of a writ of habeas corpus ad testificandum as to each witness. The sworn affidavit shall state: (1) what each inmate witness will testify to; (2) how Plaintiff knows what the inmate witness will testify to; and (3) why the testimony is necessary. *See Greene v. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996) ("In order to grant the writ of habeas corpus ad testificandum, the

1 | 2 | 3
> Court must determine not only whether an inmate-witness's testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court form a correctional facility.").

(ECF No. 169 at 19). Plaintiff submitted his Motion for Writs of Habeas Corpus Ad Testificandum for himself, Julio Contreras, Rodney Brooks, Robert Marin, David Cano, Francisco Flores, David Flores, Francisco Gongora, Geraldo Ojito, Michael Colon, Christopher Macits, Ricardo Magana, Robert Gomez, Alberto Hernandez, Juan Torres, Ronnie Monie, and Mark Winston.

Plaintiff states that Julio Contreras observed the altercation between Plaintiff and Defendants and has provided a "voluntary affidavit and stated that he would truthfully testify." (ECF No. 171 at 5). Plaintiff states that Rodney Brooks observed the altercation between Plaintiff and Defendants, observed the "placement of handcuffs and ankle restraints, the dragging and clothes being ripped off, the continued assault outside the module, the fact that the module door closed before plaintiff reached it, the threats by inmate Martin if anyone spoke to investigators ..." and has "voluntarily stated he would truthfully testify to what he observed and his knowledge about this incident." *Id.* at 5-6. Plaintiff states that Robert Martin "will testify how he was illegally used to try to persuade Plaintiff to lock up, how he was pushed in when Plaintiff started to run toward the door, how all the deputy sheriffs ran out, how the door closed and Plaintiff stood in front of the door..., that on advice from his attorney he did not file a civil case in exchange for leniency in his criminal case sentencing, and the threats he issued to all housed there and his continued involvement in prison gang activity." *Id.* at 6. Plaintiff states that David Cano who "will testify" that he was Plaintiff's cell mate, that "because of his involvement and Mr. Marin's orders he was brutally assaulted, and he observed Plaintiff get brutally assaulted, dragged outside the module and he was within 5 feet of the incident." *Id.* Plaintiff states that inmates Francisco Flores, David Flores, Francisco Gongora, Geraldo Ojito, Michael Colon, Christopher Macits, Ricardo Magana, Robert Gomez, Alberto Hernandez, Juan Torres, Ronnie Monie, and Mark Winston were all housed in cells within the module and "they will testify on what they heard and saw out of their windows ... [and] the fact that Inmate

Marin issued threats to who would talk to investigators ...." *Id*. at 7.

Defendants "do not object to the issuance of a habeas writ for Contreras so long as Garcia waives any objection to defense counsel interviewing Contreras regarding his written statement and observations prior to providing in-court testimony and the Court grants Defendants' petition for a writ of habeas ad testificandum for Michael Colon, who will rebut Contreras's written statement and anticipated oral testimony." (ECF No. 179 at 2). Defendants object to the issuance of a writ of habeas ad testificandum for inmate Brooks on the grounds that Plaintiff has failed to supply factual support for his request including stating what Brooks will testify to and why the testimony is necessary. Defendants explain that Plaintiff has previously identified Inmates Marin, Cano, F.Flores, D. Flores, Gongora, Ojito, Colon, Macias, Magana, Gomez, Hernandez, Torres, Monie, and Winston as "involuntary witnesses who will refuse to testify unless this Court ordered them to testify as to what they observed and require them to state why they were kicking, banging and yelling out their cell doors while Defendants were beating up on Plaintiff." *Id*. (citing ECF No. 146).

## STANDARD

In ruling on a Motion for Writ of Habeas Corpus Ad Testificandum, the Court must balance the relevance and necessity of the testimony against the security risks involved in having the witnesses transported to the Court to testify during trial. *See Greene v. K.W. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996) (holding "[i]n order to grant the writ of habeas corpus ad testificandum the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility."). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to

statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

## DISCUSSION

The Court finds that testimony by Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, who were each eye-witnesses to the incident, may be relevant to this lawsuit. Plaintiff does not have access to the witnesses. The Court cannot determine on this record whether the value of Julio Contreras, Rodney Brooks, Robert Marin, or David Cano's testimony justifies the expense and security risk associated with transporting the inmate-witness to court from a correctional facility. *See Greene v. K.W. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996). The Court orders Defendants to take a telephonic deposition of Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, if they are currently incarcerated. Defendants shall pay the costs associated with the depositions. Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum is denied with leave to renew after the depositions are completed.

Plaintiff has failed to make even a minimal showing that testimony by inmates Francisco Flores, David Flores, Francisco Gongora, Geraldo Ojito, Michael Colon, Christopher Macits, Ricardo Magana, Robert Gomez, Alberto Hernandez, Juan Torres, Ronnie Monie, and Mark Winston is relevant and necessary in this case. During oral argument, Plaintiff requested leave to submit additional information regarding inmate Geraldo Ojito. Plaintiff may file a motion for writ of habeas corpus ad testificandum regarding inmate Geraldo Ojito by July 5, 2011. Defendants may respond by July 25, 2011.

## CONCLUSION

The Motion for Writ of Habeas Corpus Ad Testificandum (ECF No. 171) filed by Plaintiff Filipe Noe Garcia is DENIED. Defendants shall arrange for the telephonic depositions of Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, if they are currently incarcerated, to be completed by no later than August 8, 2011. Defendants shall provide transcripts of the depositions to Plaintiff by September 12, 2011. Plaintiff may file any motion for writ of habeas corpus ad testificandum regarding Julio Contreras, Rodney Brooks, Robert Marin, or David Cano by October 12, 2011. Plaintiff shall file a sworn affidavit

1 establishing the appropriateness of the issuance of a writ of habeas corpus ad testificandum as to each witness. The sworn affidavit shall state: (1) what each inmate witness will testify to; (2) how Plaintiff knows what the inmate witness will testify to; and (3) why the testimony is necessary. *See Greene v. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996) ("In order to grant the writ of habeas corpus ad testificandum, the Court must determine not only whether an inmate-witness's testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court form a correctional facility."). Defendants may respond to the motion for writ of habeas corpus ad testificandum by November 7, 2011.

**IT IS SO ORDERED.**

DATED: June 21, 2011

                                          **WILLIAM Q. HAYES**
                                          United States District Judge