**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FILIPE NOE GARCIA,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>JG GRIMM; SGT HIGHTOWER; RHINELANDER; SETTER; SWINEY; J. MACLEOD,<br><br>　　　　　　　　Defendants. | CASE NO. 06cv225 WQH (PCL)<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the Petitions for Writ of Habeas Ad Testificandum and Motion for Subpoenas filed by Plaintiff Filipe Noe Garcia (ECF Nos. 190, 219).

**I.　Petition for Writ of Habeas Ad Testificandum**

　　On April 1, 2011, Plaintiff submitted a Petition for Writs of Habeas Corpus Ad Testificandum (ECF No. 171) for himself, Julio Contreras, Rodney Brooks, Robert Marin, David Cano, Francisco Flores, David Flores, Francisco Gongora, Geraldo Ojito, Michael Colon, Christopher Macits, Ricardo Magana, Robert Gomez, Alberto Hernandez, Juan Torres, Ronnie Monie, and Mark Winston.

　　On June 21, 2011, the Court issued an Order stating:

> The Court finds that testimony by Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, who were each eye-witnesses to the incident, may be relevant to this lawsuit. Plaintiff does not have access to the witnesses. The Court cannot determine on this record whether

> the value of Julio Contreras, Rodney Brooks, Robert Marin, or David Cano's testimony justifies the expense and security risk associated with transporting the inmate-witness to court from a correctional facility. *See Greene v. K.W. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996). The Court orders Defendants to take a telephonic deposition of Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, if they are currently incarcerated. Defendants shall pay the costs associated with the depositions. Plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum is denied with leave to renew after the depositions are completed.
>
> Plaintiff has failed to make even a minimal showing that testimony by inmates Francisco Flores, David Flores, Francisco Gongora, Geraldo Ojito, Michael Colon, Christopher Macits, Ricardo Magana, Robert Gomez, Alberto Hernandez, Juan Torres, Ronnie Monie, and Mark Winston is relevant and necessary in this case. During oral argument, Plaintiff requested leave to submit additional information regarding inmate Geraldo Ojito. Plaintiff may file a motion for writ of habeas corpus ad testificandum regarding inmate Geraldo Ojito by July 5, 2011. Defendants may respond by July 25, 2011.
>
> ...
>
> The Motion for Writ of Habeas Corpus Ad Testificandum (ECF No. 171) filed by Plaintiff Filipe Noe Garcia is DENIED. Defendants shall arrange for the telephonic depositions of Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, if they are currently incarcerated, to be completed by no later than August 8, 2011. Defendants shall provide transcripts of the depositions to Plaintiff by September 12, 2011. Plaintiff may file any motion for writ of habeas corpus ad testificandum regarding Julio Contreras, Rodney Brooks, Robert Marin, or David Cano by October 12, 2011.

(ECF No. 186 at 4-5).[1]

On June 27, 2011, Plaintiff filed a Motion for Writ of Habeas Ad Testificandum for Gerlad Ojito. (ECF No. 190 at 6). Plaintiff contends that "Prisoner Geraldo Ojito will testify to what he heard on May 1, 2005 ... starting with when Plaintiff Felipe Garcia was arguing with cell mate David Cano; the arrival of sheriff deputies ... and the exchange of words and what followed...." *Id*. at 7.

On December 1, 2011, Plaintiff's Petition for Writ of Habeas ad Testificandum was

---

[1] The court granted Defendants an extension of time to August 22, 2011 for Defendants to complete the depositions. (ECF No. 194). The Court did not extend the deadline for providing Plaintiff with a copy of the deposition transcripts.

filed. (ECF No. 219).[2] Plaintiff seeks an order for the appearance of the following incarcerated witnesses at the bench trial set for January 31, 2012: Geraldo Ojito, Robert Marin, David Cano, Rodney Brooks, Julio Contreras, and Arthur Torres. Plaintiff contends that the witnesses are "housed at different state prisons in California." *Id*. at 15. Plaintiff contends that "[b]ased on their depositions there is conclusive evidence that the nature and materiality of their testimony is relevant and necessary ...." *Id*. at 18. Plaintiff contends that "[i]t would be very unfair to require Plaintiff to rely on depositions taken by Defendants' lawyer ...." *Id*.

On December 29, 2011, Defendants filed an Opposition to the Petition for Writ of Habeas Corpus ad Testificandum (ECF No. 227) and filed the Depositions of Julio Contreras and Rodney Brooks (ECF No. 229). Inmate David Cano refused to testify. Defendants contend that "Garcia and defense counsel questioned Brooks and Contreras thoroughly during their depositions regarding the Defendants' efforts to control [Garcia] after his hands were in the food flap, and whether the amount of force each of the Defendants applied to Garcia thereafter was reasonably necessary to overcome Garcia's resistance." (ECF No. 227 at 4). "Defendants contend the[] admission into evidence [of the deposition transcripts are] sufficient in themselves, with no need for the witnesses to provide cumulative live testimony." *Id*. at 4-5. Defendant contend that Plaintiff has failed to make any "showing as to how either witness' testimony would differ from or be more effective if offered live in court rather than through the reading of their depositions." *Id*. at 5.

Defendants assert that inmate Brooks is currently serving a life sentence for second degree murder and assault with a deadly weapon for a drive-by shooing in 1991, as well as a conviction of manufacturing a weapon while in prison. Defendants assert that Brooks "is officially listed as both a Mexican Mafia and Westside 18th Street gang associate." *Id.* Defendants assert that Brooks is a high level custody inmate and that California Department of Corrections and Rehabilitation regulations require that two correctional officers, including

---

[2] Although Plaintiff was ordered to file any motion for writ of habeas corpus ad testificandum by October 12, 2011, Defendants contend that they sent the transcript of the deposition testimony to Plaintiff on November 8 and 22, 2011, approximately two months past the September 12, 2011 deadline. (ECF No. 227 at 2). Accordingly, the Court does not find that the petition for writ of habeas corpus ad testificandum is untimely.

one supervisor, accompany Brooks at all times in which he moves throughout the prison.

Defendants assert that inmate Contreras is currently serving a 16 years-to-life sentence for convictions of robbery, assault with a deadly weapon, battery, and conspiracy. Defendants assert that Contreras "has been officially validated as a Mexican Mafia associate and member of the Old Town National City gang." *Id.* at 6. Defendants assert that Contreras is a high level custody inmate and that California Department of Corrections and Rehabilitation regulations require that two correctional officers, including one supervisor, accompany Contreras at all times in which he moves throughout the prison.

In ruling on a Motion for Writ of Habeas Corpus Ad Testificandum, the Court must balance the relevance and necessity of the testimony against the security risks involved in having the witnesses transported to the Court to testify during trial. *See Greene v. K.W. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996) (holding "[i]n order to grant the writ of habeas corpus ad testificandum the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary. This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility."). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

The Court ordered telephonic depositions of Julio Contreras, Rodney Brooks, Robert Marin, and David Cano, if they were currently incarcerated. Depositions were completed for Julio Contreras and Rodney Brooks.[3] A review of the deposition transcripts of Contreras and

---

[3] Plaintiff notified the Court that Robert Marin was released from state custody. Plaintiff requested that the Court subpoena Marin, but he failed to pay the fees and costs associated with the subpoenas. Accordingly, Plaintiff's request was denied. (ECF No. 208).

Brooks reveals that defense counsel and Plaintiff Garcia were able to question the witnesses and that the witnesses gave a thorough account of the events in question. Plaintiff has failed to identify any testimony that inmates Contreras or Brooks would give in addition to their deposition testimony. With regards to Geraldo Ojito and Arthur Torres, Plaintiff has failed to make even a minimal showing that their testimony is necessary in light of the Contreras and Brooks depositions. The Court does not conclude that "the probative value of [Contreras, Brooks, Cano, Ojito, and Torres]'s testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility." *Greene*, 938 F. Supp. at 639. The Petitions for Writ of Habeas Ad Testificandum filed by Plaintiff Filipe Noe Garcia (ECF Nos. 190, 219) are DENIED.

**II.     Motion for Order for Subpoenas**

On April 6, 2011, Plaintiff filed a Motion for Order for Subpoenas for the following potential witnesses: Dr. Ellen Gabel; Lisa Dimeo, crime scene analyst; Daiel Vornhof, forensic specialist in mechanics; Vincent Nathan, expert consultant on field of jails and prisons; Thomas MacSpeiden, psychologist; and Deputies Stevens, Benavides, Rogers, Gonzolez, Zdunich, Saiazar, Shannon, Grimm, Lionsdale, Hightower, Swiney, Rhineland, Setter, MacLeod, Grijalva, Neagles-Carter, Massey, Pollington, and Edlin. (ECF No. 173).

On June 21, 2011, the Court issued an Order stating:

> Federal Rule of Civil Procedure 45(a)(2) provides: "A subpoena must issue ... for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held...." Fed. R. Civ. P. 45(a)(2). Federal Rule of Civil Procedure 45(a)(3) provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3). Federal Rule of Civil Procedure 45(b)(1) service of a subpoena be made by a person who is 18 years or older and is not a party to the case. The Court is required to "issue and serve all process and perform all such duties" for a plaintiff proceeding in forma pauperis. 28 U.S.C. 1915(d). Plaintiff, however, is responsible for paying all fees and costs associated with the subpoenas. *See Tedder v. Odel*, 890 F.2d 210, 211, 212 (9th Cir. 1989). For example, if a subpoena requires a person's attendance, fees for one day's attendance and mileage must be tendered concurrent with service. Fed. R. Civ. P. 45(b)(1); *see also* 28 U.S.C. § 1821. These fees are not waived based on Plaintiff's in forma pauperis status. *Tedder*, 890 F.2d at 211-12.
> ...
> **IT IS HEREBY ORDERED** that:
> (1)     The Clerk of Court shall issue and forward to Plaintiff a

|   |   |
|---|---|
| | Subpoena in a Civil Case form and a U.S. Marshal 285 form as well as a copy of this Order. |
| (2) | Upon receipt of the properly completed U.S. Marshal 285 form, accompanying subpoena, and the tender of witness fees and costs pursuant to 28 U.S.C. § 1821, the U.S. Marshal is directed to promptly effect service of Plaintiff's subpoena |

(ECF No. 187 at 1-2).

On June 27, 2011, Plaintiff filed a second Motion for Subpoena for some of the same potential witnesses. (ECF No. 190). On October 10, 2011, the Court issued an order stating:

> Plaintiff Filipe Noe Garcia, proceeding pro se and in forma pauperis, has requested a subpoena for Robert Marin, who has been released from state custody, Dr. Ellen Gabel, Lisa Dimeo, crime scene analyst, Daiel Vornhof, forensic specialist in mechanics, Vincent Nathan, expert consultant on field of jails and prisons, Thomas MacSpeiden, psychologist, and Deputies Stevens, Benavides, Rogers, Gonzolez, Saiazar, Grijalva, Massey, Neagles-Carter, Lonsdale, Grimm, and Hightower.
> ...
> Plaintiff has failed to pay the fees and costs associated with the subpoenas. Accordingly, the Motion for Subpoenas (ECF No. 190) is DENIED.

(ECF No. 208 at 1-2).

On December 1, 2011, Plaintiff filed his third Motion for Order for Subpoenas requesting the Court issue subpoenas on some of the same potential witnesses as follows: Dr. Ellen Gabel; Lisa Dimeo, crime scene analyst; Daiel Vornhof, forensic specialist in mechanics; Thomas MacSpeiden, psychologist; and Yolanda Navarro, P.C.C. legal runner. Plaintiff contends that he "was not aware" that he was required to tender fees for one day's attendance and milage. (ECF No. 219 at 3). Plaintiff also seeks to secure the attendance of witnesses who "are either Sheriff's Deputies or are in control of law-enforcement" as follows: Robert Marin, out on parole; Deputy Benavidez; Deputy G. Gonzalez; Deputy J. Lionsdale; Deputy R. Jr. Salazar; Deputy James Grimm; Deputy Hightower; Deputy Swiney; Deputy Setter; Deputy Macleod; Deputy Grijalva; Deputy Neagles; and Deputy M. Massey. Plaintiff contends that he should not be required to pay the fees and costs associated with the subpoenas because the "testimonial evidence is material [and] necessary." *Id*. at 11. Plaintiff also contends that the Court may call the witnesses and require the United States to pay the fees and costs pursuant

1 to Federal Rule of Evidence 614.

2 A plaintiff proceeding in forma pauperis pursuant to 28 U.S.C. 1915(d) is responsible
3 for paying all fees and costs associated with subpoenas. *See Tedder v. Odel*, 890 F.2d 210, 211,
4 212 (9th Cir. 1989); *see also Alexander v. Plainer*, 390 F.App'x 724, 726 (9th Cir. 2010) ("The
5 district court rightly exercised its discretion by denying [Plaintiff's] request to subpoena a
6 particular correctional officer because [Plaintiff] did not pay the required witness and mileage
7 fees ...."). If a subpoena requires a person's attendance, fees for one day's attendance and
8 mileage must be tendered concurrent with service. Fed. R. Civ. P. 45(b)(1); *see also* 28 U.S.C.
9 § 1821. These fees are not waived based on Plaintiff's in forma pauperis status. *Tedder*, 890
10 F.2d at 211-12.

11 Plaintiff has again failed to pay the fees and costs associated with the subpoenas. The
12 Motion for Order for Subpoenas (ECF No. 219) is DENIED.

13 Federal Rule of Evidence 614 provides: "The court may call a witness on its own or at
14 a party's request. Each party is entitled to cross-examine the witness." Fed. R. Evid. 614(a);
15 *see also Estrella-Ortega v. United States,* 423 F.2d 509, 510 (9th Cir. 1970) ("A district court
16 has the power to call any witness as the court's witness. The decision rests upon the court's
17 reasoned discretion."); *Ochoa v. United States*, 167 F.2d 341, 344 (9th Cir. 1948) (noting the
18 "danger implicit in a situation where the judge assumes, or appears to assume, the role of
19 advocate ...."). The Court does not abuse its discretion in declining to call a witness pursuant
20 to a party's request where the party has "access to sufficient information through alternative
21 sources." *McNeil v. Lowney*, 831 F.2d 1368, 1374 n.3 (7th Cir. 1987).

22 In this case, Plaintiff has previously submitted copies of his complete medical records
23 regarding the incident, his psychiatry records and report, photographs, investigation reports,
24 transcripts from Garcia's criminal trial, interrogatory responses from Defendants, and Garcia's
25 prison grievances. Plaintiff has the deposition transcripts of inmates Contreras and Brooks.
26 Plaintiff has personal knowledge regarding the incident in question and may testify. The Court
27 finds that Plaintiff has access to sufficient information through alternative sources to present
28 his claims. The Court declines to call the witnesses pursuant to Federal Rule of Civil

1 Procedure 614.

### III. Conclusion

IT IS HEREBY ORDERED that the Petitions for Writ of Habeas Ad Testificandum and Motion for Order for Subpoenas filed by Plaintiff Filipe Noe Garcia (ECF Nos. 190, 219) are DENIED. The bench trial set for January 31, 2012 at 9:00 a.m. in Courtroom 4 is vacated and reset to April 17, 2012 at 9:00 a.m. in Courtroom 4.

DATED: January 23, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge